UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------

| | |
|---|---|
| APPLICATION OF PIONEER RECOVERY FUND LP and CHAMPLAIN INVESTMENT HOLDINGS LTD. TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782, <br><br> Applicants. | 20mc00293 (JGK) (DF) <br><br> **ORDER** |

------------------------------------------------

**DEBRA FREEMAN, United States Magistrate Judge:**

      **WHEREAS**, on August 24, 2020, Pioneer Recovery Fund LP and Champlain Investment Holdings Ltd. (together, "Applicants") filed an application in the above-captioned proceeding for an order pursuant to 28 U.S.C. § 1782, granting them leave to conduct discovery in a foreign proceeding (the "Section 1782 Application") (*see* Dkt. 7);[1] and

      **WHEREAS**, Applicants stated, in their Section 1782 Application, that the discovery sought was intended "for use in a proceeding" that had not yet been commenced, but that, according to Applicants, "will be initiated in the Commonwealth of the Bahamas" (Dkt. 6, at ECF 14); and

      **WHEREAS**, on August 27, 2020, the Honorable John G. Koeltl, U.S.D.J. referred the Section 1782 Application to this Court for resolution (*see* Dkt. 8); and

      **WHEREAS**, on December 1, 2020, this Court directed Applicants to serve all Respondents with the Section 1782 Application and supporting papers, and to file proof of service on the Docket (Dkt. 10); and

---

[1] The Electronic Case Filing ("ECF") Docket reflects that Applicants' Section 1782 Application initially was filed on August 21, 2020 (Dkt. 1), but, to correct a filing deficiency in the original submission, it was refiled on August 24, 2020 at ECF Dkt. 7.

**WHEREAS**, on December 24, 2020, Applicants filed proof of service on all Respondents (Dkt. 11), following which, on December 28, 2020, this Court scheduled a telephonic conference in the matter for January 19, 2021 to hear any Respondent who wished to be heard with respect to the Section 1782 Application (Dkt. 13); and

**WHEREAS**, on December 29, 2020, Applicants filed proof of service of this Court's December 28, 2020 Scheduling Order (Dkt. 14); and

**WHEREAS**, on January 19, 2021, this Court held a telephonic conference with Applicants' counsel and counsel for two of the Respondents – specifically, 10 East 63rd Street, Inc. ("10 East 63rd Street") and Amanda Wilson ("Wilson") – and heard those parties' current positions on the Section 1782 Application; and

**WHEREAS**, for the reasons stated during the January 19 conference, this Court will defer ruling on the Section 1782 Application with respect to respondents 10 East 63rd Street and Wilson pending further written submissions by counsel pursuant to the briefing schedule set by this Court at the conference; and

**WHEREAS**, the remaining Respondents – *i.e.*, Pedro Santiago ("Santiago"), Astrid Pillay ("Pillay"), and Charles Holzer ("Holzer") – did not appear at the January 19, 2021 conference; and

**WHEREAS**, this Court finds no reason to defer ruling on the Section 1782 Application with respect to these remaining Respondents, who were given an opportunity to be heard with respect to that application, but did not appear or file any objections; and

**WHEREAS**, "[a] district court has authority to grant a [Section] 1782 application where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before

2

a foreign or international tribunal, and (3) the application is made by a foreign or international

tribunal or any interested person." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (internal

quotation marks, citation, and brackets omitted); and

       **WHEREAS**, if the statutory requirements are met, a district court may grant discovery

under Section 1782 in its discretion, upon consideration of the following four factors:

> (1) whether the person from whom discovery is sought is a
> participant in the foreign proceeding, in which case the need for
> § 1782(a) aid generally is not as apparent; (2) the nature of the
> foreign tribunal, the character of the proceedings underway abroad,
> and the receptivity of the foreign government or the court or
> agency abroad to U.S. federal-court judicial assistance; (3) whether
> the § 1782(a) request conceals an attempt to circumvent foreign
> proof-gathering restrictions or other policies of a foreign country
> or the United States; and (4) whether the request is unduly
> intrusive or burdensome.

*Mees*, 793 F.3d at 298 (internal quotation marks and citation omitted);

       It is hereby **ORDERED** as follows:

       1.     This Court finds that Applicants have met the established statutory requirements

to obtain the requested discovery from Respondents Santiago, Pillay, and Holzer.  As a threshold

matter, these three individuals are all located within the Southern District of New York, and the

discovery sought is for use in an anticipated foreign judicial proceeding,[2] in which Applicants

are interested parties.  (*See* Dkt. 5 ¶¶ 9-14; *see also* Dkt. 6, at ECF 13-14.)  The discretionary

factors also weigh in favor of granting the application as to these Respondents, as these

---

      [2] *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004) (holding that the foreign "proceeding" for which discovery is sought under Section 1782(a) "must be in reasonable contemplation, but need not be 'pending' or 'imminent'"); *see also Mees*, 793 F.3d at 299-300 (stating that, under Section 1782(a), a foreign civil suit between private parties "need not be pending, so long as it is 'within reasonable contemplation'" (quoting *Intel*, 542 U.S. at 247)); *see, e.g., In re Hornbeam Corp.*, No. 14mc424, 2015 WL 13647606, at *1, 6-7 (S.D.N.Y. Sept. 17, 2015) (granting the Section 1782 application to obtain discovery from banks and professional service providers "for use in anticipated litigation in the British Virgin Islands").

individuals are not anticipated to be parties in the foreign proceeding, and no evidence suggests that Applicants' request is an attempt to circumvent foreign proof-gathering restrictions. Moreover, none of these three Respondents has opposed granting the application.  For these reasons, Applicants' Section 1782 Application as to Respondents Santiago, Pillay, and Holzer is GRANTED.

2.      Pursuant to this Order, Applicants are authorized to take discovery from Respondents Santiago, Pillay, and Holzer relating to the issues identified in the Section 1782 Application, including through the issuance of subpoenas in substantially similar form to those attached to that application.

3.      With respect to such subpoenas, which may seek the depositions of, and/or the production of documents from, these Respondents:

a.      At Applicants' request, Blaise U. Chow of Ropers, Majeski P.C. is appointed to issue, sign, and serve the subpoenas upon Respondents Santiago, Pillay, and Holzer and to take testimony in this matter before any certified court reporter authorized to take testimony and administer oaths in the State of New York, and any such court reporter shall be authorized to take testimony in this matter.

b.      Respondents Santiago, Pillay, and Holzer are directed to comply with the subpoenas in accordance with the Federal Rules of Civil Procedure and the Rules of this Court, within 30 days of the date of this Order with respect to the subpoenas for the production of documents, and within 60 days with respect to the subpoenas for deposition testimony.

c.      This Court shall retain such jurisdiction as is necessary to effectuate the terms of the subpoenas or to resolve disputes relating thereto.

4.      Applicants are directed to serve a copy of this Order on Respondents Santiago, Pillay, and Holzer by means reasonably calculated to reach them, and to file proof of such service.

Dated:  New York, New York
        January 21, 2021

                                                SO ORDERED

                                                _____
                                                DEBRA FREEMAN
                                                United States Magistrate Judge

Copies to:

Counsel for Applicants (via ECF)

Counsel for Respondents 10 East 63rd Street and Wilson (via ECF)