UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

APPLICATION OF PIONEER RECOVERY
FUND LP and CHAMPLAIN INVESTMENT
HOLDINGS LTD. TO TAKE DISCOVERY
PURSUANT TO 28 U.S.C. § 1782,

Applicants.

20mc00293 (JGK) (DF)

**ORDER**

---

**DEBRA FREEMAN, United States Magistrate Judge:**

  In this proceeding, Pioneer Recovery Fund LP and Champlain Investment Holdings Ltd. (together, "Applicants") sought leave to take discovery pursuant to 28 U.S.C. § 1782 from certain respondents, including Charles Holzer ("Holzer"). By Order dated January 21, 2021 (Dkt. 15), this Court authorized Applicants to issue subpoenas to Holzer, and directed Holzer to comply. In addition, this Court expressly retained jurisdiction to effectuate the terms of the subpoenas or to resolve any disputes that arose therefrom. (*See id.* ¶ 3(c).)

  According to Applicants, however, despite prompt service of a subpoena on Holzer following this Court's January 21 Order, Holzer has neither complied with the subpoena nor with "multiple good faith attempts" by Applicants to seek his compliance. (*See* Letter Motion to the Court from Michael W. Jacobson, Esq., dated Sept. 24, 2021 (Dkt. 24).) As a result, Applicants have returned to this Court with a motion for an additional order compelling compliance. (*See id.*) Specifically, Applicants currently seek "a clear and unambiguous order from [this] Court directing . . . Holzer to comply with the subpoena and [stating] that the failure to do so will result in sanctions." (*Id.*, at 1.)

  By Order dated October 19, 2021 (Dkt. 25) – which this Court directed Applicants to serve on Holzer, together with a copy of their motion to compel – this Court afforded Holzer until November 5, 2021 to respond to the motion, but cautioned him that, if it received no

response by that date, it would proceed to decide the motion based on Applicants' written submissions alone (*see id.*). On October 22, 2021, Applicants filed proof of service (*see* Dkt. 26), but, to date, Holzer has submitted no response.

Accordingly, it is hereby ORDERED as follows:

1. **Holzer is directed to comply with the subpoena, dated January 29, 2021 (Dkt. 24-1), that Applicants duly served upon him in accordance with this Court's January 21 Order.**

2. Holzer is cautioned that if he fails to comply with the subpoena, he may be held in contempt. *See* Fed. R. Civ. P. 45(g) ("[T]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."); *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144-45 (2d Cir. 2010). More specifically, if Holzer fails to comply, then this Court may proceed to certify to the Honorable John G. Koeltl, U.S.D.J., the facts that, in this Court's view, would warrant a contempt finding, and may order Holzer to appear before Judge Koeltl to show cause why he should not be adjudged in contempt by reason of the facts so certified. *See* 28 U.S.C. § 636(e)(6)(B).

3. This Court shall continue to retain jurisdiction to effectuate the terms of the subpoena or to resolve disputes relating thereto.

4. Applicants are directed to serve a copy of this Order on Holzer by a means reasonably calculated to reach him, and to file proof of such service on the Docket.

5. In light of this Order, the Clerk of the Court is directed to close Dkt. 24 on the Docket of this action.

Dated: New York, New York
       November 29, 2021

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

<u>Copy to</u>:

Counsel for Applicants (via ECF)